ARTURO M. CISNEROS, #120494
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, Mark M. Sharf*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>VASKEN K. KILADJIAN,<br><br>         Debtor.<br><br>MARK M. SHARF, solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Vasken K. Kiladjian,<br><br>         Plaintiff,<br><br>    v.<br><br>MARAL KILAJIAN a.k.a. MARAL KILEDJIAN, an individual; and HRATCH KILEDJIAN a.k.a. HRATCH KILAJIAN,<br><br>         Defendants. | Case No. 8:20-bk-11939-SC<br><br>Chapter 7<br><br>Adversary No. _____<br><br>**COMPLAINT:**<br><br>**(1) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1);**<br>**(2) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(b)(1);**<br>**(3) TO RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 550 and 551; AND**<br>**(4) FOR TURNOVER PURSUANT TO 11 U.S.C. § 552** |

Plaintiff Mark M. Sharf, solely in his capacity as the chapter 7 Trustee ("Trustee") for the bankruptcy estate of Vasken K. Kiladjian ("Debtor"), hereby alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323, 548, 550, 551, and 552.

2. This adversary proceeding is brought pursuant to Rule 7001, *et seq*. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 544, 548, 550, 551, and 552.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under Title 11 of the United States Code ("Bankruptcy Code") that is pending in this District: *In re Vasken K. Kiladjian*, United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:20-bk-11939-SC ("Bankruptcy Case").

4. This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

## PARTIES TO THE ACTION

5. Debtor's case was commenced on July 7, 2020, with the filing of a Subchapter V petition under chapter 11 of the Bankruptcy Code ("Petition").

6. On July 8, 2020, Trustee was appointed as the Subchapter V Trustee.

7. On November 4, 2020, Debtor filed a motion to convert the case to chapter 7. The motion was granted on December 4, 2020.

8. Trustee is the appointed, qualified, and is the acting chapter 7 Trustee for Debtor's bankruptcy estate ("Estate").

9. Defendant Maral Kilajian a.k.a. Maral Kiledjian ("Maral") is an individual, who at all relevant times herein, is and was a resident of the City of La Crescenta in Los Angeles County, California.[1]

10. Hratch Kiledjian a.k.a. Hratch Kilajian ("Hratch") was Debtor's brother and Maral's husband and is believed to be deceased.[2]

///

---

[1] Maral Kilajian's name is abbreviated as "Maral" for the sole purpose of avoiding confusion and no disrespect is intended whatsoever.
[2] Hratch Kiledjian's name is abbreviated as "Hratch" for the sole purpose of avoiding confusion and no disrespect is intended whatsoever.

Complaint    2

**STATEMENT OF STANDING**

11. Trustee, as Trustee of Debtor's Bankruptcy Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323, 548, 550, 551, and 552.

**GENERAL ALLEGATIONS**

12. Prior to the filing of the Petition, Debtor owned and operated Pacific Park Jewelers, a jewelry store located in Laguna Niguel, California.

13. On July 22, 2020, Debtor filed his Schedules.

14. In his Schedules, Debtor failed to disclose any pre- or post-petition transfers to Hratch.

15. Trustee is informed and believes and thereon alleges that Hratch died on December 23, 2020.

16. Based on Trustee's discovery of a $260,000 pre-petition transfer by Debtor to Hratch, Trustee began asking Debtor about the transfer.

17. Thereafter, on February 9, 2021, Debtor filed an Amended Statement of Financial Affairs, wherein he disclosed that he paid $260,000 to Hratch on November 13, 2018 on account of "past debts for jewelry sold at Pacific Park Jewelers."

18. On April 21, 2021, Maral, Hratch's widow, filed a proof of claim in the amount of $48,812 based on alleged loans by Hratch to Debtor as Claims Register No. 14-1.

19. On April 22, 2021, Maral, Hratch's widow, filed a proof of claim in the amount of $48,812 based on alleged loans by Hratch to Debtor as Claims Register No. 15-1.

20. Hratch is an insider of Debtor.

21. Maral is an insider of Debtor.

22. Trustee is informed and believes and thereon alleges that on or about November 13, 2018, Debtor transferred $260,000 to Hratch and Maral ("Transfer").

23. Debtor's spouse, Beth Kiladjian filed a dissolution proceeding against Debtor on November 15, 2018 as Orange County Superior Court (case number: 18D00-95-24) ("Family Court Case").

24. Trustee is informed and believes and thereon alleges that the Transfer was purportedly made in connection with "past debts," which could no longer have been collected based on passage of

the statute of limitations applicable thereto.

25. Trustee is informed and believes and thereon alleges that the Transfer was voluntary.

26. Trustee is informed and believes and thereon alleges that the Transfer was made with actual intent to hinder, delay, or defraud creditors of Debtor, including Beth Kiladjian.

27. Trustee is informed and believes and thereon alleges that Debtor received less than a reasonably equivalent value in exchange for the Transfer.

28. Trustee is informed and believes and thereon alleges that Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer.

29. The Transfer occurred within 2 years before the Petition Date.

30. The debt evidenced by the Transfer may be enforced against Maral pursuant to *inter alia* California Probate Code § 13554(a), which provides, in pertinent part, that "any debt described in Section 13550 may be enforced against the surviving spouse in the same manner as it could have been enforced against the deceased spouse if the deceased spouse had not died."

## FIRST CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a))

31. Trustee re-alleges and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. The Transfer constitutes a transfer of an interest of Debtor in property because the $260,000 transferred to Hratch and Maral was property of Debtor and 11 U.S.C. § 101(54)(D) defines "transfer" to include "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with…property or an interest in property."

33. Trustee is informed, believes, and, based thereon, alleges that Debtor voluntarily made the Transfer with actual intent to hinder, delay, or defraud entities to which it was indebted.

34. Trustee is informed, believes, and, based thereon, alleges that Debtor received less than a reasonably equivalent value in exchange for the Transfer because the Transfer was for no consideration and Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer.

35. Trustee is entitled to a judgment that the Transfer is avoided as a fraudulent transfer pursuant to 11 U.S.C. § 548(a).

### SECOND CLAIM FOR RELIEF

36. Trustee re-alleges and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 30 inclusive, as though fully set forth herein.

37. Pursuant to 11 U.S.C. § 548(b)(1), a "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

38. California Civil Code § 3439.04(a)(1) provides, in pertinent part, that "[a] transfer made…is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer…[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

39. Debtor made the $260,000 Transfer on November 13, 2018.

40. Beth Kiladjian filed the Dissolution Proceeding on November 14, 2018.

41. Trustee is informed, believes, and based thereon, alleges that Debtor made the Transfer with actual intent to hinder, delay, or defraud creditors, including, but not limited to Beth Kiladjian.

42. Trustee is entitled to an order and judgment under 11 U.S.C. §§ 548, 550, and 551 that the Transfer is avoided, recovered, and preserved for the benefit of the Estate.

### THIRD CLAIM FOR RELIEF

**(To Recover and Preserve Fraudulent Transfer Pursuant to 11 U.S.C. §§ 550 and 551)**

43. Trustee re-alleges and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 30 inclusive, as though fully set forth herein.

44. Trustee is informed, believes, and, based thereon, alleges that Hratch and Maral are the initial transferees of the Transfer or the individuals for whose benefit the Transfer was made.

45. Pursuant to 11 U.S.C. § 550(a), Trustee is entitled to recover the $260,000 Transfer from Hratch and Maral.

46. Pursuant to 11 U.S.C. § 551, Trustee is entitled to preserve the Transfer for the benefit of

the Estate.

47. Trustee is entitled to an order and judgment under 11 U.S.C. §§ 548, 550, and 551 that the Transfer is avoided, recovered, and preserved for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (Turnover)

48. Trustee re-alleges and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 30 inclusive, as though fully set forth herein.

49. Maral and Hratch are in possession of property of the Bankruptcy Estate in the form of $260,000 in funds transferred to Hratch and Maral by Debtor.

50. The $260,000 may be used by Trustee in connection with his administration of the Bankruptcy Estate.

51. Trustee is entitled to judgment against Hratch and Maral in the amount of $260,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays for a judgment on his Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the $260,000 Transfer to Hratch and Maral;
2. For recovery and preservation of the Transfer for the benefit of the Estate;
3. For judgment in the amount of $260,000 against Hratch and Maral, plus pre- and post-judgment interest;
4. For recovery of interest, costs, and attorney fees and costs to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and
5. For such other and further relief as the Court deems just and proper.

Dated: December 21, 2021                Respectfully Submitted,

MALCOLM ♦ CISNEROS,
A Law Corporation

By: */s/ Nathan F. Smith*
    Nathan F. Smith
    *Attorneys for Chapter 7 Trustee, Mark M. Sharf*

B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>MARK M. SHARF, solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Vasken K. Kiladjian | **DEFENDANTS**<br>MARAL KILAJIAN a.k.a. MARAL KILEDJIAN, an individual; and HRATCH KILEDJIAN a.k.a. HRATCH KILAJIAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MALCOLM • CISNEROS, A Law Corporation<br>2112 Business Center Drive, Irvine, CA 92612<br>Telephone: (949) 252-9400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT: (1) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1); (2) TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(b)(1); (3) TO RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 550 and 551; AND (4) FOR TURNOVER PURSUANT TO 11 U.S.C. § 552

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 260,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>VASKEN K. KILADJIAN | BANKRUPTCY CASE NO.  8:20-bk-11939-SC | | |
| DISTRICT IN WHICH CASE IS PENDING  CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Scott C. Clarkson | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Nathan F. Smith | | | |
| DATE<br><br>December 21, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Nathan F. Smith | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.